CHICAGO—FIRST DISTRICT—DECEMBER, 1914.    13

Western C. & M. Co. v. Western C. & S. Co., 191 Ill. App. 13.

Western Coal & Mining Company, Defendant in Error,
v. Western Coal & Supply Company, Plaintiff in
Error.

Gen. No. 19,418.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C.
BEITLER, Judge, presiding.    Heard in the Branch Appellate Court
at the October term, 1913.    Reversed and remanded.    Opinion filed
December 31, 1914.    Rehearing denied January 13, 1915.

## Statement of the Case.

Action by the Western Coal & Mining Company, a
corporation, against the Northern Coal & Supply Com-
pany, a corporation, to recover $132.90 alleged to be
due upon an open account for coal sold and delivered
to defendant.    Defendant filed a set-off claiming dam-
ages to the amount of $504 for an alleged breach of
the contract under which the coal was furnished.    Upon
a trial by the court without a jury, plaintiff had judg-
ment, to reverse which, defendant prosecutes a writ of
error.

Both the parties were engaged in the business of
mining and selling coal.    The plaintiff's office was at
St. Louis, and the defendant's at Chicago.    On January
9, 1912, the defendant gave a written order to the
plaintiff for twenty-five cars of washed coal at the
price of forty cents per net ton f. o. b. at the mines, to
be shipped at the rate of three cars a day.    The plain-
tiff accepted the order with the qualification that it
would ship only one car a day.    To this qualification the
defendant agreed, in a letter dated January 13, 1912,
in which defendant urged greater speed if possible and
indicated that it expected deliveries to begin at once.
No deliveries were made, however, until February, and
only eleven cars in all were delivered.    Between the
date of the order and March 13, 1912, a number of
letters were written by defendant to the plaintiff

14        APPELLATE COURTS OF ILLINOIS.

Western C. & M. Co. v. Western C. & S. Co., 191 Ill. App. 13.

complaining of the delay and urging its need of more coal, to which the plaintiff replied by claiming that cold weather and a scarcity of cars had prevented it from shipping any faster. On March 13, 1912, defendant telegraphed: "Have sold coal and must deliver. Are you going to fill order?" To this, the plaintiff replied by mail that it would not be able to make any further shipments, for the reason that its "entire output will go out from the present time on, as mine run for railroad use." In this letter the plaintiff also expressed the hope that the defendant was "protected on the sale of this coal by delays in transportation, scarcity of cars, and other causes over which you have no control, which is the occasion for our failure to complete this order as placed." On March 25, 1912, defendant wrote to the plaintiff, stating that it had sold the "14 cars due us on this order" at an advanced price of $648, that "our customers were compelled to go on the market and buy coal and we will suffer heavy damages, and we will be compelled to pass the same along to you," adding further: "We regret, therefore, to be compelled to advise you that we will hold your account to reimburse us against any loss for non-fulfillment of this order." At the time this letter was written nothing had been paid for the coal that was delivered, nor had any demand been made upon the defendant for such payment.

VROMAN, MUNRO & VROMAN and SIDNEY N. WARE, for plaintiff in error.

WHITNEL & BROWNING and POMEROY & MARTIN, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 175*—*when proof of general custom as to time for payment competent.* In an action for the value of coal sold, where the defendant filed a claim of set-off for an alleged breach of the contract, evidence offered by defendant to show there was a general custom among coal dealers to pay for their coal during the month following the shipment, *held* competent to show that defendant was not in default at the time of plaintiff's breach of the. contract.

2. SALES, § 320*—*right to set-off or recoup damages in suit for price.* The fact that a buyer of coal had not paid therefor does not preclude him in a suit for the price from setting off or recouping damages suffered by him on account of the breach of the contract in not furnishing the stipulated quantity of coal where he was not in default in making payment, for the reason the parties acted upon the understanding that the price was not to be paid until all the coal was delivered.